[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: July 31, 1998 Date of Application: July 31, 1998 Date Application Filed: August 6, 1998 Date of Decision: September 25, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford.
Docket Number: CRl4-500178.
Jon Schoenhorn, Defense Counsel for Petitioner.
Victor Carlucci, State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION
CT Page 14282
In this matter the petitioner was convicted by jury of Criminal Attempt to Commit Arson Second Degree. He then pled to Part B of the information charging him with being a Serious, Persistent Felony Offender. On July 31, 1998 the court sentenced the petitioner to (25) years. execution suspended after service of (15) years, followed by a (5) year period of probation, to run consecutively to the (13) year sentence he was then serving. At the hearing the state requested a sentence of (25) years.
This conviction arose out of an investigation that revealed that petitioner, while incarcerated, made efforts to hire another inmate to burn down the Litchfield Superior Courthouse. The other inmate was "wired" and recorded conversations which further suggested petitioner's interest in burning down a prosecutor's house and car though he ultimately changed his plans in this regard.
Petitioner's position is that he had no intention nor any means of carrying out any of the alleged conduct; that the other inmate took advantage of his circumstances to obtain a deal with the state; that he, simply, talks too much. Counsel for petitioner points out that the petitioner never had any means of carrying out the alleged scheme; and, in fact, no money ever exchanged hands. He asks for a concurrent rather than consecutive sentence.
The state vehemently objects to concurrent rather that consecutive time noting the exceptional risk petitioner presents to the public and the authorities that have to deal with him. He notes the very serious nature of the current crime; that petitioner's last two convictions were for "revenge-type" arson; and that he's accumulated some (41) prior convictions. The state argues that this is a circumstance where this review board should consider increasing petitioner's sentence rather than decreasing it.
Given the nature of this offense, the character and history of this convicted Serious, Persistent, Felony Offender, including his propensity for "revenge-type" crimes and with particular regard to the protection of the public interest, the Division finds, pursuant to Section 43-28 of the Practice Book, that the sentence imposed by the court was neither inappropriate nor disproportionate. CT Page 14283
The sentence is affirmed.
Klaczak, O'Keefe and Fasano, J.s, participated in this decision.